UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADEWALE SONIREGUN,

           Plaintiff,

v.                                **DECISION AND ORDER**
                                         14-MC-65S

UNITED STATES OF AMERICA,

           Defendant.

On October 16, 2014, Plaintiff Adewale Soniregun filed a Motion for Return of Seized Property. (Docket No. 1.) He seeks the return of a 2004 Lexus GX470 (VIN #JTJBT20X940057339) that the United States Secret Service seized on June 2, 2014, after U.S. Customs and Border Protection officers discovered Soniregun attempting to enter the United States with counterfeit U.S. currency. (Affidavit of Robert Ross Fogg ("Fogg Aff."), Docket No. 1-2, ¶¶ 5-6; Declaration of Stephen Howerter ("Howerter Decl."), ¶¶ 5-6.) At the time of the seizure, Soniregun signed an affidavit consenting to the forfeiture of the Lexus and agreeing to its surrender to the United States. (Fogg Aff., Exhibit A.) He further acknowledged that the United States could commence a civil action for forfeiture and he concomitantly waived all claims he may have to the Lexus. (Id.)

Approximately one month later, on July 10, 2014, the Secret Service initiated administrative forfeiture proceedings against the Lexus. (Howerter Decl., ¶ 10.) No timely claims were filed after the requisite notice was published. (Howerter Decl., ¶ 11.) The Lexus was therefore forfeited to the United States. (Id.)

Plaintiff now argues that he was coerced into executing the consent affidavit and did so only because he was under duress. (Fogg Aff., ¶ 8.) There is, however, no statement

of jurisdiction in Plaintiff's motion, nor is there any evidence or affidavit from Plaintiff substantiating his claim of coercion. In fact, Plaintiff failed to raise coercion or duress as a basis to recover the property when he previously wrote to the government, see Fogg Aff., Exhibit C, and he failed to file a claim in the administrative forfeiture proceedings, see Howerter Decl., ¶ 11. Consequently, this Court finds that Plaintiff has failed to assert a factual or jurisdictional basis for his motion. See United States v. One 1987 Jeep Wrangler Automobile, 972 F.2d 472, 479 (2d Cir. 1992) (holding that a district court is divested of subject-matter jurisdiction upon the filing of an administrative forfeiture proceeding); see also Contreras v. United States, No. 4:12-MC-09017-BCW, 2012 WL 5835682, at *2 (W.D.Mo. Nov. 16, 2012) (finding that Rule 41 of the Federal Rules of Criminal Procedure cannot be used to collaterally attack an administrative forfeiture proceeding). Plaintiff's motion must therefore be denied.

      IT HEREBY IS ORDERED, that Plaintiff's Motion for Return of Property (Docket No. 1) is DENIED.

      FURTHER, that the Clerk of Court is directed to CLOSE this case.

      SO ORDERED.

Dated:  May 7, 2015
         Buffalo, New York

                /s/William M. Skretny
                WILLIAM M. SKRETNY
                Senior United States District Judge